UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

DENNIS BERNABE-SANTOS, ET AL.,
   Plaintiffs,

v.

VICTOR QUIÑONES, ET AL.,
   Defendants.

Civil No. 05-1720 (HL)

**ORDER**

Plaintiff Dennis Bernabe-Santos, along with his wife Mayra De Leon Delgado, bring this action against Victor Quiñones, alleging slander, libel, harassment, interference with contractual rights, and malicious prosecution. Before the Court is Defendant's motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Procedure.[1] Plaintiffs filed an opposition to Defendant's motion.[2] For the reasons set forth below, the case is remanded to the Commonwealth of Puerto Rico Court of First Instance.

**BACKGROUND**

The facts as set forth in the complaint are as follows: In November of 2000, Dennis Bernabe Santos ("Bernabe") began working as an employee of the security company Advantor which had a security contract with the United States military at Fort Buchanan, located in Guaynabo, Puerto Rico. During Bernabe's employment with Advantor, Defendant Victor Quiñones ("Quiñones") worked as a security officer at Fort Buchanan.

---

[1] Dkt. No. 12 & 13.

[2] Dkt. No. 17.

For the first three years of Bernabe's employment at Fort Buchanan, Bernabe and Quiñones shared a good working relationship. However, at the end of the third year, Bernabe occasionally felt "some sexual tension" from Quiñones. This situation made Bernabe feel uncomfortable and he decided to minimize further communication with Quiñones. When Quiñones realized that Bernabe was beginning to distance himself, Quiñones allegedly became hostile and instituted a campaign of harassment from September of 2003 through December of 2004. This harassment included committing slander, providing false information and making incessant verbal attacks, including sexual comments and innuendos.

This action was originally filed in the Commonwealth of Puerto Rico Court of First Instance, Bayamon Superior Part, but was removed to this Court pursuant to 28 U.S.C. §§ 1441(b), 1442(a)(1), 1446 and 2679(d)(2).

## DISCUSSION

The Court lacks jurisdiction to hear this case, as it was improperly removed from the Commonwealth Court. Removal pursuant to 28 U.S.C. § 1442(a)(1) provides that a civil action against an officer of a United States Agency, sued for an act under the color of such office, may be removed to Federal District Court. Nowhere in the complaint does the Plaintiff allege Defendant Quiñones was acting within the scope of his employment or that Quiñones' alleged actions were under the color of the United States Department of Defense.

Defendant's Notice of Removal also cited 28 U.S.C. § 2679 (d)(2) as authority for removal to federal court. This provision, however, is inapplicable to the case at bar. Section 2679(d)(1), provides "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the [relevant] district court...The certification of the Attorney General shall conclusively establish scope of the office or employment for purposes of removal." The record does not contain a certification by the

Attorney General that Quiñones was acting within the scope of his employment at the time of the alleged harassment of the Bernabe.[3]  Furthermore, the allegations against Quiñones in the complaint are for his actions in his individual capacity, not as an officer of the Department of Defense acting within the scope of his employment.  Accordingly, there is no basis for removal.

## CONCLUSION

**WHEREFORE,** the case is ordered remanded to the Commonwealth of Puerto Rico Court of First Instance, Bayamon Superior Part and Defendant's Motion to Dismiss is moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 12, 2006.

S/ HECTOR M. LAFFITTE<br>Senior United States District Judge

---

[3] The Court is aware that had Plaintiff filed suit against the Department of Defense, alleged Defendant Quiñones was acting within the scope of his employment, or had the Government certified Quiñones' acts within the scope of his employment with the Department of Defense, the case would have been properly removed to this Court and dismissed under the Federal Tort Claims Act ("FTCA").  The FTCA is a waiver of sovereign immunity for claims arising from the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment..." 28 U.S.C. § 1346(b).  The FTCA, however, is subject to certain exceptions, including claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).